UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA KOUSSA,<br>    Plaintiff,<br>v.<br>MING YEUNG, et al.,<br>    Defendants. | Case No. 16-cv-05137-JSC<br><br>**ORDER RE: MOTION TO DISMISS AND EX PARTE APPLICATION TO STAY ACTION FOR 30 DAYS**<br><br>Re: Dkt. No. 11 |

Plaintiff Pamela Koussa brings this action against Defendants Ming Yeung, Jia Yeung, and Leonicio Perez Santiago for disability discrimination in connection with access barriers she encountered at the Pup Hut, a restaurant in Richmond, California. On November 7, 2016, Defendants Ming Yeung and Jia Yeung filed a notice of motion to dismiss the complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 11.) They noticed the motion for January 19, 2016 and represented that the "Memorandum of Points and Authorities, declaration, and supporting documents shall be filed in due course within 35 days of the date of the hearing set forth above." (*Id.* at 2.) Plaintiff has since filed an objection to the motion to dismiss because, to date, Defendants still have not filed their memorandum of points and authorities. (Dkt. No. 13.)

Local Rule 7-2(b) requires parties to file "[i]n one filed document . . . the "notice of motion" . . . and "the points and authorities in support of the motion[.]" Defendants' failure to comply with the Local Rule leaves Plaintiff unable to meaningfully respond to the motion and renders the motion procedurally improper, which alone is sufficient to deny the motion. *See Tri-Valley CARES v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion.");

1 *see, e.g.*, *Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 582 (9th Cir. 2010) (upholding district court's denial of motion to tax costs which was not in compliance with the court's local rules).

In response to Plaintiff's motion, instead of filing the memorandum of points and authorities, Defendants have filed an ex parte application to stay this action for 30 days. (Dkt. No. 14.) This application is also procedurally improper as it fails to cite a statute, Federal Rule, local rule or Standing Order that authorizes filing an ex parte motion in these circumstances. *See* N.D. Cal. Civ. L.R. 7-10. The Court nevertheless considers the application, in which Defendants concede that Plaintiff's objection is well-taken and state that they "intend to withdraw the motion and refile[.]" (Dkt. No. 14 ¶ 2.) Defendants seek to stay the case until December 21, 2016 and request an extension of time to file the motion to dismiss. The Court declines to stay the case. But because this is Defendants' first request for an extension of time to respond to the complaint, the Court will grant an extension.

Lastly, Defendants attached to their ex parte application a letter from Plaintiff's counsel to Defendant Ming Yeung regarding failure to answer the complaint and the possibility of default entered against him. The Court reminds the parties not to engage in ex parte communication with represented parties.

Accordingly, the Court DENIES Defendants' motion to dismiss without prejudice to refiling in compliance with the Local Rules. The Court DENIES Defendants' ex parte application to stay but grants Defendants' request for an extension of time to respond to the complaint. Defendants shall file an answer or motion to dismiss by **December 21, 2016.**

This Order terminates Docket Nos. 11 and 14.

**IT IS SO ORDERED.**

Dated: November 22, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge